IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NORMAN J. WRAY and ANNA R. WRAY,

    Plaintiffs,

v.

BANK OF AMERICA, N.A., et al.,

    Defendants.

No. C 12-06576 JSW

**ORDER OF DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION**

On December 31, 2012, Plaintiffs filed a Complaint in this action, in which they allege that this Court has jurisdiction. Federal courts are under a duty to raise and decide issues of subject matter jurisdiction *sua sponte* at any time it appears subject matter jurisdiction may be lacking. Fed. R. Civ. P. 12; *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). If the Court determines that subject matter jurisdiction is lacking, the Court must dismiss the case. *Id.*; Fed. R. Civ. P. 12(h)(3). California superior courts are courts of general, unlimited jurisdiction and can render enforceable judgments in practically any type of case. However, federal courts have limited jurisdiction. Federal courts can only adjudicate cases which the Constitution or Congress authorize them to adjudicate: those cases involving diversity of citizenship (where the parties are from diverse states), or a federal question, or those cases to which the United States is a party. *See, e.g., Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994). Federal courts are presumptively without jurisdiction over civil cases and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Id.* at 377.

United States District Court
For the Northern District of California

Plaintiff asserts jurisdiction based on a federal question. However, Plaintiff's only federal claim is one under the Declaratory Judgment Act. This statute does not provide an independent basis for jurisdiction. *Schilling v. Rogers*, 363 U.S. 666, 677 (1960) ("[T]he Declaratory Judgments Act is not an independent source of federal jurisdiction.") (quoting *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950)); *see also* Countrywide Home Loans, Inc., v. Mortgage Guar. Ins. Corp. 642 F.3d 849, 853-54 (9th Cir. 2011) (the Declaratory Judgment Act "does not confer jurisdiction," but rather requires an independent jurisdictional basis).

Diversity jurisdiction is not present here either. This Court only has original subject matter jurisdiction in diversity cases where the matter in controversy exceeds the sum of $75,000 and is between citizens of different states. 28 U.S.C. § 1332. No plaintiff can be a citizen of the same state as any of the defendants. *Strawbridge v. Curtiss*, 7 U.S. 267 (1806). According to Plaintiffs' Complaint, Plaintiffs are residents of California and Defendant MTC Financial, Inc. d/b/a Trustee Corps is also a resident of California. Therefore, based on the face of the Complaint, the parties are not completely diverse.

Accordingly, because the Court lacks subject matter jurisdiction over this action, the Court must dismiss this case. However, this ruling is without prejudice to Plaintiffs refiling their claims in state court.

**IT IS SO ORDERED.**

Dated: January 4, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

NORMAN WRAY et al,

    Plaintiff,

v.

BANK OF AMERICA et al,

    Defendant.

Case Number: CV12-06576 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 4, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Anna R. Wray
Norman J. Wray
2010 Morningside Mountain Drive
Glen Ellen, CA 95442

Dated: January 4, 2013

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk