**United States District Court**
For the Northern District of California

1

2

3

4

5

6            IN THE UNITED STATES DISTRICT COURT

7

8            FOR THE NORTHERN DISTRICT OF CALIFORNIA

9   NORMAN J. WRAY and ANNA R. WRAY,

10            Plaintiffs,                              No. C 12-06576 JSW

11   v.

12   BANK OF AMERICA, N.A., et al.,                   **ORDER OF DISMISSAL FOR**
                                                       **LACK OF SUBJECT MATTER**
13            Defendants.                              **JURISDICTION**
                                            /

14

15        On December 31, 2012, Plaintiffs filed a Complaint in this action, in which they allege

16   that this Court has jurisdiction.  Federal courts are under a duty to raise and decide issues of

17   subject matter jurisdiction *sua sponte* at any time it appears subject matter jurisdiction may be

18   lacking.  Fed. R. Civ. P. 12; *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983).  If

19   the Court determines that subject matter jurisdiction is lacking, the Court must dismiss the case.

20   *Id.*; Fed. R. Civ. P. 12(h)(3).  California superior courts are courts of general, unlimited

21   jurisdiction and can render enforceable judgments in practically any type of case.  However,

22   federal courts have limited jurisdiction.  Federal courts can only adjudicate cases which the

23   Constitution or Congress authorize them to adjudicate:  those cases involving diversity of

24   citizenship (where the parties are from diverse states), or a federal question, or those cases to

25   which the United States is a party.  *See, e.g., Kokkonen v. Guardian Life Insurance Co. of*

26   *America*, 511 U.S. 375 (1994).  Federal courts are presumptively without jurisdiction over civil

27   cases and the burden of establishing the contrary rests upon the party asserting jurisdiction.  *Id.*

28   at 377.

**United States District Court**
For the Northern District of California

1    Plaintiff asserts jurisdiction based on a federal question.  However, Plaintiff's only

2  federal claim is one under the Declaratory Judgment Act.  This statute does not provide an

3  independent basis for jurisdiction.  *Schilling v. Rogers*, 363 U.S. 666, 677 (1960) ("[T]he

4  Declaratory Judgments Act is not an independent source of federal jurisdiction.") (quoting

5  *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950)); *see also* Countrywide

6  Home Loans, Inc., v. Mortgage Guar. Ins. Corp. 642 F.3d 849, 853-54 (9th Cir. 2011) (the

7  Declaratory Judgment Act "does not confer jurisdiction," but rather requires an independent

8  jurisdictional basis).

9    Diversity jurisdiction is not present here either.  This Court only has original subject

10  matter jurisdiction in diversity cases where the matter in controversy exceeds the sum of

11  $75,000 and is between citizens of different states.  28 U.S.C. § 1332.  No plaintiff can be a

12  citizen of the same state as any of the defendants.  *Strawbridge v. Curtiss*, 7 U.S. 267 (1806).

13  According to Plaintiffs' Complaint, Plaintiffs are residents of California and Defendant MTC

14  Financial, Inc. d/b/a Trustee Corps is also a resident of California.  Therefore, based on the face

15  of the Complaint, the parties are not completely diverse.

16    Accordingly, because the Court lacks subject matter jurisdiction over this action, the

17  Court must dismiss this case.  However, this ruling is without prejudice to Plaintiffs refiling

18  their claims in state court.

19    **IT IS SO ORDERED.**

20

21  Dated:  January 4, 2013

22                                                                        JEFFREY S. WHITE
                                                                          UNITED STATES DISTRICT JUDGE

23

24

25

26

27

28

United States District Court

For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

NORMAN WRAY et al,

        Plaintiff,

  v.

BANK OF AMERICA et al,

        Defendant.

Case Number: CV12-06576 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 4, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Anna R. Wray
Norman J. Wray
2010 Morningside Mountain Drive
Glen Ellen, CA 95442

Dated: January 4, 2013

*Jennifer Ottolini*

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk